J-S55027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EIREON SHAMAJ HILL | : | |
| | : | |
| Appellant | : | No. 320 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 31, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001539-2019

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY McCAFFERY, J.:               **FILED FEBRUARY 18, 2021**

Eireon Shamaj Hill (Appellant) appeals from the judgment of sentence entered in the Erie County Court of Common Pleas.  Contemporaneous with this appeal, Appellant's attorney Emily M. Merski, Esquire, has filed a petition to withdraw from representation and an ***Anders*** brief.[1]  ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago*** 978 A.2d 349 (Pa. 2009).  Attorney Merski filed an ***Anders*** brief raising a challenge to the discretionary aspects of sentencing where she states she "found no meritorious issues that [she] can raise on Appellant's behalf."  ***Anders*** Brief at 3, 7.  For the reasons below, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

---

* Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth filed a letter, stating it would not file a brief.

On December 10, 2019, Appellant pleaded no contest[2] to one count each of sexual assault, terroristic threats, and indecent assault.[3] He was represented by Assistant Public Defender Khadija Horton, Esquire. We glean the following factual summary from the plea and sentencing hearing transcripts.

> The [17-year old] victim and [19-year old Appellant] were in a relationship that was broken off. [On April 6, 2019, Appellant] asked to come over to get some of his belongings. [The victim] allowed that, and that's when the [sexual] assault occurred[.]

N.T. Sentencing Hearing, 1/31/20, at 12. *See also id.* at 11; N.T. Plea Hearing, 12/10/19, at 8. Appellant "engage[d] in sexual intercourse with" the

---

[2] While Counsel's *Anders* brief states Appellant pleaded **guilty**, *Anders* Brief at 4, the notes of testimony to the plea hearing reveal he pleaded **no contest**. N.T. Plea at 9.

[3] 18 Pa.C.S. §§ 3124.1, 2706(a)(1), 3126(a)(1).

At the same plea hearing, Appellant pleaded no contest at two additional dockets. We note both of those offenses occurred at the same address as the incident in this case. N.T. Plea at 8, 10. Furthermore, the trial court imposed sentence for all three cases at the same sentencing hearing.

First, at trial docket "1106 of 2019," Appellant pleaded no contest to stalking, for "repeatedly contact[ing] the victim through Snapchat, and threaten[ing] to kill her and her family while outside of her residence." N.T. Plea at 10. It is not clear whether the victim in the instant matter is the same victim in that case. *See id.* The trial court imposed one year of probation, to run consecutively to the sentences in the instant matter. N.T. Sentencing at 19. Second, at trial docket "1258 of 2019," Appellant pleaded no contest to disorderly conduct, for punching a different victim in the face. N.T. Plea at 10. He received a sentence of 3 to 6 months' imprisonment, likewise to run consecutively with the instant sentences. N.T. Sentencing at 19. This appeal does not concern these two additional dockets.

17-year old victim, "in the vagina with [his] penis, without her consent," and "penetrate[d the victim's] vagina with [his] mouth." N.T. Plea at 8, 9. After this assault, Appellant "went back,"[4] held a knife to the victim's neck or leg, and told her, "I'm about to go up in there, about to kill everybody up in that motherfucking house." N.T Sentencing at 13; N.T. Plea at 9.

The trial court sentenced Appellant on January 31, 2020, to the following: (1) three to six year's imprisonment for sexual assault; (2) a concurrent three to six months' imprisonment for indecent assault; and (3) a consecutive six to twelve month's imprisonment for terroristic threats. N.T. Sentencing at 18-19. Each of these sentences was at the low end of the standard range. *See* Trial Ct. Op., 7/10/20; *Anders* Brief at 4-5. His aggregate sentence was 3½ to seven years' imprisonment. Appellant was also ordered to comply with SORNA registration and notification requirements for life.[5] N.T. Sentencing at 6.

---

[4] Neither transcript further explains the Commonwealth's statement that Appellant "went back after he sexually assaulted" the victim." *See* N.T. Sentencing at 13.

[5] Pennsylvania Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10 to 9799.42. Appellant's conviction of sexual assault, Section 3124.1, is a Tier III offense, carrying lifetime registration. *See* 42 Pa.C.S. §§ 9799.14(d)(5), 9799.15(a)(3). Additionally, Appellant's conviction of indecent assault, under Subsection 3126(a)(1), is a Tier I offense, subjecting him to a 15-year registration. *See* 42 Pa.C.S. §§ 9799.14(b)(6), 9799.15(a)(1).

We note there is no indication in the certified record or trial docket that Appellant filed a post sentence motion. However, the record and docket includes an "Order Denying Motion for Modification of Sentence," filed March 9, 2020. Appellant filed this timely appeal. At some point during this time, Attorney Horton withdrew from representation.[6] On March 3, 2020, the trial court ordered Appellant to file a Rule 1925(b) statement within 21 days, or by March 24, 2020. Present Counsel, Attorney Merski, timely responded one day later, on March 25th[7] by filing a Pa.R.A.P. 1925(c)(4) statement that Appellant raised no issues of merit on appeal.

The trial court filed a brief opinion, stating all of Appellant's sentences were within the standard ranges, and that no further "[o]pinion is necessary" because counsel filed a statement of intent to file an **Anders** brief. Trial Ct. Op. 7/10/20. Pa.R.A.P. 1925(a)(1) states:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to

---

[6] On June 15, 2020, Attorney Horton filed an application to withdraw as Appellant's counsel. The court granted Attorney Horton leave on June, 22nd and Attorney Merski entered her appearance shortly thereafter. Order Granting Application to Withdraw as Counsel, 6/22/20. However, as we discuss **infra**, by that time, Attorney Merski had already filed a Pa.R.A.P. 1925(c)(4) statement in this case.

[7] We deem the statement was timely filed, pursuant to the Pennsylvania Supreme Court's April 28, 2020, emergency order due to the COVID-19 pandemic. Emergency Order of Statewide Judicial Administration at 5 (Pa. Apr. 28, 2020) ("In all events, legal papers or pleadings . . . which are required to be filed between March 19, 2020, and April 30, 2020, generally SHALL BE DEEMED to have been timely filed if they are filed by close of business on May 11, 2020.").

the notice of appeal, if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(1)(1). Here, the trial court did not file an opinion stating its reasons for the imposed sentence, nor did it indicate where in the record they would appear. However, this does not hamper our analysis of the presented claims. **But see Commonwealth v. Butler**, 812 A.2d 631, 636 (Pa. 2002) (stating, "The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process[ ]").

On September 23, 2020, Attorney Merski filed in this Court an application to withdraw as counsel and an **Anders** brief. Attorney Merski attached a letter to Appellant explaining his right to retain new counsel or proceed *pro se*.

Preliminarily, we address Attorney Merski's **Anders** brief alleging the issues on appeal are frivolous. This Court has stated:

[We] must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented[.]

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super 2014) (citations omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted).

Instantly, Attorney Merski satisfied the technical requirements of *Anders* and *Santiago*. In Counsel's *Anders* brief, she aptly summarized the pertinent factual and procedural history with citations to the record. *Anders* Brief at 4-8. After a conscientious review of the record and applicable law, Attorney Merski concludes the appeal is frivolous. *Id.* at 8. Attorney Merski

has attached to her application to withdraw as counsel a letter to Appellant that meets the notice requirements. *See Orellana*, 86 A.3d at 880. Nonetheless, Attorney Merski addresses one claim that could arguably support an appeal:

> Whether [A]ppellant's sentence is manifestly excessive, clearly unreasonable[,] and inconsistent with the objectives of the Sentencing Code?

*Anders* Brief at 3. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

In the *Anders* brief, Attorney Merski addresses whether there was an abuse of discretion in the trial court's application of the sentencing guidelines. Appellant's claims challenge the discretionary aspects of his sentence. Appellant argues his sentence of 3½ to seven years was "manifestly excessive, clearly unreasonable[,] and inconsistent with the objectives of the Pennsylvania Sentencing Code." *Anders* Brief at 6. He argues the imposed sentence violates 42 Pa.C.S. § 9781(c)(2), which states:

> **(c) *Determination on appeal.* —** The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
>        \*     \*     \*
>
>     **(2)** the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]

*See* 42 Pa.C.S. § 9781(c)(2); *Anders* Brief at 5. Appellant argues the trial court failed to consider 42 Pa.C.S. § 9721(b), requiring the trial court to

- 7 -

consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *See Anders* Brief at 6. He claims they could have been met without "such a lengthy sentence." *Id.* Appellant states the trial court abused its discretion and a lesser sentence was warranted since he "took responsibility for his actions in entering a plea of guilty and showed genuine remorse and acceptance of his actions in sparing the victim the trauma of testifying at trial." *Id.* at 7. Appellant also argues he "lacks any significant adult criminal history." *Id.*

It is well established that such a challenge does not entitle an appellant to "review as of right." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation omitted).

In the present case, Appellant filed a timely notice of appeal. In addition, the *Anders* brief includes the requisite Rule 2119(f) concise

statement of reasons relied upon for appeal. *See Anders* Brief at 4-6. However, notwithstanding the March 9, 2020, "Order Denying Motion for Modification of Sentence," neither the certified record nor trial docket indicate Appellant filed any motion to reconsider the sentence. Furthermore, Appellant did not preserve this issue at his sentencing hearing. Therefore, he has failed to invoke this Court's jurisdiction as to a discretionary aspect of sentencing claim. *See Caldwell*, 117 A.3d at 768.

Moreover, we note that even if Appellant properly complied with the procedural requirements above, his claim would warrant no relief. This Court has stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Caldwell*, 117 A.3d at 770. Furthermore, before imposing sentence, a trial court must consider the sentencing guidelines, as well as "the factors set out in 42 Pa.C.S. § 9721(b), which include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). We discern no manifest abuse of discretion in the trial court's sentence.

At the time of sentencing, Appellant was 20 years old. N.T. Sentencing at 9. The trial court outlined Appellant's extensive history in the juvenile system, addressing Appellant as summarized below:

I've known you for quite a while. You had problems way back when you were in school. They had to move you to a different type of program. Eventually we sent you to the Sarah Reed home. For the most part, you did okay [ ], but then something happens. You get into a brawl, simple assaults.

You're moved on to VisionQuest. You did some good work there. We even terminated you there, but you get in trouble again for assaults. You were sent to Perseus House. Eventually, you're sent to George Junior Republic, and you just never stop living a life of crime, really. 2011, 2012, 2013 — you might have only been 11 years old when I first had you. 2013, 2014, 2015 — now we're here.

*Id.* at 11-12. The Commonwealth also noted Appellant was "released from Glen Mills on June 7[,] 2018," and thereafter "discharged from juvenile court." *Id.* at 15. However, he subsequently was charged with "a misdemeanor disorderly conduct and then a misdemeanor receiving stolen property." *Id.*

The trial court also properly considered the impact of Appellant's crime on the victim; "the impact that has been left on her is deep and left her in a very bad place for quite some time. [The victim is] struggling, depressed, trying to work through the trauma she experienced." N.T. Sentencing at 13.

The trial court's sentence considered public safety, the gravity of the offense and the severe impact on the victim, as well as the rehabilitative needs of Appellant. *See* 42 Pa.C.S. § 9721(b). A sentence within the guidelines

considering these factors was entirely appropriate. Thus, there is no abuse of discretion and we will not disturb this sentence on appeal.

Finally, we note Appellant's sentence was not only within the guidelines, but was on the low end of the guideline range for each sentence. *Anders* Brief at 4-5. Appellant received 36 to 72 months incarceration on his sexual assault charge, for which the standard range is 36 to 54 months and the statutory maximum is 10 years. *Id.* at 4. For his terroristic threats charge, which has a standard range of 6 to 7 months and a maximum of 5 years, Appellant received a 6 to 12 month **concurrent** sentence of incarceration. *Id.* On the indecent assault charge, with a standard range of restorative sanctions to 3 months of incarceration and a statutory maximum of 2 years, Appellant received a **concurrent** sentence of 3 to 6 months of incarceration. *Id.* The "responsibility" Appellant took by pleading no contest and the "remorse" he argues to have felt do not require the trial court to mitigate his sentence, especially when the one imposed is already at the low end of the sentencing guidelines. The trial court properly took into consideration the factors set forth in Section 9721(b). *See* N.T. Sentencing at 11-14. A trial court is not required to ignore an Appellant's recidivist history, the emotional and physical trauma suffered by the victim, or the impact of the crime on public safety merely because of a guilty plea.

The record supports Attorney Merski's conclusion that this claim is frivolous. Moreover, our independent review of the entire record confirms this

- 11 -

analysis. Consequently, we grant Attorney Merski's application to withdraw, and we affirm the judgment of sentence.

Attorney Merski's Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2021